UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| ROBERT JAMES<br>and NORMA JAMES<br><br>V.<br><br>TODD H. BARON, M.D.,<br>PAUL E. EVANS, M.D., NAVTEJ S.<br>BUTTAR, M.D., MEHER K.<br>RAHMAN, M.D., JASON M. GOBLIN,<br>M.D., KIANOUSH B. KASHANI, M.D.,<br>JAMES M. SWAIN, M.D., JOHN<br>H. DONOHUE, M.D., JESS<br>THOMPSON M.D., MAYO CLINIC,<br>MAYO CLINIC ROCHESTER, and<br>MAYO CLINIC-SAINT MARYS<br>HOSPITAL | § § § § § § § § § § § § § § § § | CIVIL ACTION NO. _____<br><br>COMPLAINT FOR DAMAGES |

## PLAINTIFFS' ORIGINAL COMPLAINT

COME NOW Robert James and Norma James, Plaintiffs in the above-captioned matter, and file their Original Complaint complaining of Defendants Todd H. Baron, M.D., Paul E. Evans, M.D., Navtej S. Buttar, M.D., Meher K. Rahman, M.D., Jason M. Goblin, M.D., Kianoush B. Kashani, M.D., James M. Swain, M.D., John H. Donohue, M.D., Jess Thompson, M.D., Mayo Clinic, Mayo Clinic Rochester and Mayo Clinic - Saint Marys Hospital of Rochester, Minnesota (collectively, "Defendants") and respectfully show the Court as follows:

## PARTIES

1. Plaintiff Robert James is a Texas citizen residing in Montgomery, Texas.

2. Plaintiff Norma James is a Texas Citizen residing in Montgomery, Texas.

3. Todd H. Baron, M.D. may be served at his place of business at Mayo Clinic, 200 First Street SW, Rochester, MN 55905.

4. Paul E. Evans, M.D. may be served at his place of business at Mayo Clinic, 200 First Street SW, Rochester, MN 55905.

5. Navtej S. Buttar, M.D. may be served at his place of business at Mayo Clinic, 200 First Street SW, Rochester, MN 55905.

6. Meher K. Rahman, M.D. may be served at this place of business located at Mayo Clinic Health Systems in Mankato, 1015 Marsh Street, Mankato, MN 56002.

7. Jason M. Goblin, M.D. may be served at his place of business at Mayo Clinic, 200 First Street SW, Rochester, MN 55905.

8. Kianoush B. Kashani, M.D. may be served at his place of business at Mayo Clinic, 200 First Street SW, #W4, Rochester, MN 55905.

9. James M. Swain, M.D. may be served at his place of business at Mayo Clinic, 200 First Street SW, Rochester, MN 55905.

10. John H. Donohue, M.D. may be served at his place of business at Mayo Clinic, 200 First Street SW, Rochester, MN 55905.

11. Jess Thompson, M.D. may be served at his place of business at the University of Arizona, 1501 N. Campbell Avenue, Tucson, AZ 85724.

12. Mayo Clinic is a Minnesota non-profit domestic corporation and may be served by and through its registered agent Jonathan J. Oviatt at 200 1st Street SW, Rochester, MN 55905.

13. Mayo Clinic Rochester's principal place of business located at 200 1st Street SW, Rochester, MN 55905.

14. Mayo Clinic - Saint Marys Hospital is a Minnesota non-profit domestic corporation and may be served by and through its registered agent, John Noseworthy, 1216 2nd Street SW, Rochester, MN 55902.

## JURISDICTION AND VENUE

15. Pursuant to 28 U.S.C. §§1332 &1391(a), venue is proper in this Court because there exists complete diversity between the parties and a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

## FACTUAL BACKGROUND

16. Plaintiff Robert James underwent surgery at the Mayo Clinic on March 14, 2008 ("First Surgery"). Drs. Barron and Evans performed the First Surgery, an attempted endoscopic removal of a precancerous growth located on James' intestine. Shortly following the surgery James began experiencing a gastrointestinal bleed.

17. The remaining Defendants provided subsequent care and treatment to James. It was later determined that James' duodenum—the first section of the small intestine—was perforated during a surgical procedure. Over the course of James' hospitalization he had more than 5 surgeries.

18. At all times during James' course, the individual Defendants were acting within the course and scope of their employment with Defendants Mayo Clinic and/or Mayo Cline—St. Marys Hospital.

## CAUSE OF ACTION

### Negligence

19. That in providing care and treatment to Plaintiff Robert James, Defendants negligently failed to exercise the degree of skill and learning required of them in the practice and profession of medicine.

20. That the negligence of Defendants included, but is not limited to, the following:

    a. Failing to properly assess the patient prior to performing the First Surgery, and the subsequent surgeries;

    b. Failing to adequately monitor the patient during the First Surgery;

    c. Failing to adequately monitor the patient following the First Surgery;

    d. Failing to timely respond to the patient's clinical presentations following the First Surgery and subsequent surgeries;

    e. Failing to timely treat the patient following his GI bleed; and

    f. Negligently placing a Malecot tube leading that caused additional bowel hemorrhaging.

### Respondeat Superior/Vicarious Liability

21. At the time the individual Defendants provided care and treatment they were acting within the course and scope of their employment with the Defendants Mayo Clinic/Mayo Clinic Rochester and/or Mayo Clinic—St. Mary's Hospital. As a result, Defendant is vicariously liable for the acts and omissions of its employees, agents and representatives by and through the doctrine of Respondeat Superior.

4

## DAMAGES

22. As a direct and proximate result of the negligence of the Defendants, Plaintiff Robert James has sustained painful, permanent and crippling injuries, together with emotional pain and discomfort, loss of earnings and earning capacity, medical expenses, and future medical expenses, all to Plaintiff's detriment and, therefore, seeks judgment against Defendants for these losses in a sum exceeding seventy-five thousand dollars ($75,000.00).

23. Plaintiff also seeks such additional and/or further relief, including interest, costs and reasonable attorney's fees, as this Court deems just and equitable.

## EMTALA

24. Defendants were subject to the provisions of 42 USCS §§ 1395 *et seq.* during their treatment of James.

25. Defendants Barron and Mayo Clinic/Mayo Clinic Rochester failed to provide Plaintiff Robert James an appropriate medical screening examination and failed to determine that he had an emergency medical condition during and immediately following his March 14, 2008 surgery; as a direct result of these failures, Defendants failed to provide for Plaintiff's further medical examination and treatment, which was necessary to stabilize Plaintiff's condition and on or about March 14, 2008 constructively discharged Plaintiff.

26. The negligence of the above listed Defendants described in paragraph 25 was in direct violation of 42 USCS §§ 1395 *et seq.*

27.     As a direct and proximate result of these Defendants' negligent violation of 42 USCS § 1395, Plaintiff Robert James has suffered the damages more fully set forth in paragraphs 22 and 23 of this Complaint, for which Defendants are strictly liable.

### LOSS OF CONSORTIUM

Plaintiff Norma James, for her cause of action against the Defendants states and alleges:

28.     That at all times material herein, Plaintiffs Robert James and Norma James were husband and wife.

29.     That prior to Defendants' negligence, Plaintiff Norma James enjoyed the care, aid, comfort, society and companionship of a well-adjusted spouse in no distress, physically or emotionally.

30.     That as a direct and proximate result of the negligence of the Defendants, and each of them, as more fully set forth above, which resulted in the damages to Plaintiff Robert James, Plaintiff Norma James has suffered such a diminishment in the relationship, both physically and emotionally, so as to give rise to a cause of action against the Defendants, and each of them, on behalf of Plaintiff Norma James for loss of services, companionship and consortium, to the present and into the future; Plaintiff Norma James therefore seeks judgment against the Defendants, and each of them, for these losses in a sum exceeding seventy-five thousand dollars ($75,000.00).

31.     Plaintiff Norma James also seeks such additional and/or further relief, including interest, costs and reasonable attorney's fees, as this Court deems just and equitable.

WHEREFORE, Plaintiffs, and each of them, demand judgment against the Defendants, and each of them, for a sum for a reasonable sum in excess of seventy-five thousand dollars ($75,000.00), together with pre-judgment and post-judgment interest, costs of Court, and all further relief to which the Plaintiffs may be justly entitled.

**PLAINTIFFS DEMAND A JURY TRIAL
FOR ALL OF THE ISSUES AND CAUSES PLEADED HEREIN SO TRIABLE.**

Date: March 14, 2012.    /s/ Shannon C. Carey
John W. Carey, #14692
Shannon C. Carey, #386804
**Sieben, Grose, Von Holtum& Carey, Ltd.**
800 Marquette Avenue, Suite 900
Minneapolis, MN  55402-2858
(612) 333-4500

and

Harry L. Scarborough
Joshua P. Davis
(*pro hac vice* to be applied for)
**FAUBUS & SCARBOROUGH LLP**
1001 Texas Ave., 11th Floor
Houston, Texas 77002
(713) 222-6400

**ATTORNEYS FOR PLAINTIFFS**